### P. J. KENNEDY & SONS v. PERKINS & SQUIER CO.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. SALES ⬤═418—BREACH OF CONTRACT—MEASURE OF DAMAGES.
  The rule that the measure of damages for the sale of inferior goods, where the purchaser is bound to examine them, is the difference between the value of the goods as ordered and their value as delivered, is not changed by proof of a custom that, where a publisher buys paper for delivery to a printer, the printing is done by the latter, the printed paper is then sent to a publisher, who binds it, and the publisher does not see it until

---

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the book is completed, since such custom does not exclude the possibility of examination by the printer in the purchaser's behalf.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. ☞418.]

2. CUSTOMS AND USAGES ☞3—CUSTOM AS FORMING PART OF CONTRACT—ESSENTIALS OF CUSTOM.

A custom, to be considered as entering into and forming part of a contract, must be reasonable, uniform, and well-settled, not in opposition to fixed rules of law, and not in contradiction of the terms of the contract.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 2, 6; Dec. Dig. ☞3.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by P. J. Kennedy & Sons against the Perkins & Squier Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

William C. Ridgway, of New York City, for appellant.

Robert J. Culhane, of New York City, for respondents.

BIJUR, J. Plaintiff sued the defendant for damages arising as follows: Plaintiff ordered from defendant $5.31 worth of "Hibulk" paper, which was a grade or quality of paper of which plaintiff had frequently ordered quantities from the defendant. This paper was delivered to a printer, who printed thereon a book, then sent it to a binder, who bound it, and turned it over to plaintiff, who was known as the publisher. The paper turned out to be of inferior quality, so that plaintiff claimed that the book was valueless, and had it reprinted by another publisher for a sum considerably less than it would have cost him under the original arrangement. He has now recovered from the defendant the entire cost of the first edition, paper, printing, and binding.

[1] Plaintiff conceded that no such measure of damage could ordinarily be applied, inasmuch as under ordinary circumstances, where he would be under duty to examine the paper when delivered, his recovery would be limited to the difference between the value of the paper as ordered and the paper as delivered. He claims, however, to be entitled to recover the consequential loss in this case, first, because he informed defendant of the purpose to which the paper was to be put, and, next, because of an alleged "custom" in the trade that, when paper is purchased by a "publisher" for delivery to a printer, the printing is done by the latter, the printed paper is then sent to a binder, who binds it, and the "publisher" does not see it until those operations are completed.

[2] It is, to say the least, exceedingly doubtful to my mind whether an alleged custom to this effect could be availed of, because it is unreasonable and subversive of the rules of commercial practice, and the principles of law applicable to the sale and delivery of merchandise, and the measure of damages appropriate to a breach of an agreement in reference thereto. A custom, to be considered as entering into and

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

forming a part of a contract, must be "reasonable, uniform, and well-settled, not in opposition to fixed rules of law, and not in contradiction of the terms of the contract." Hopper v. Sage, 112 N. Y. 530, 535, 20 N. E. 350, citing Walls v. Bailey, 49 N. Y. 464, 10 Am. Rep. 407.

But, however that may be, plaintiff failed to establish an accepted custom to that effect. It may also be noted that the alleged custom to which the witnesses testified by no means excluded the possibility of appropriate examination of the paper by the printer on behalf of the purchaser, so that, even if established, it would be insufficient to take the case out of the ordinary rule of damages.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.